UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CEDRIC LUCIOUS, )
)
Plaintiff, )
)
v. ) No. 1:15CV219
)
CAPE GIRARDEAU COUNTY JAIL, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $7.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff alleges that he was assaulted by four other inmates on October 29, 2015. He says he was the only one who was placed in handcuffs and removed from the pod. He claims that "Officer Koeppel was suppose [sic] to secure the door but did not do so; which lead [sic] to me being attacked a second time." He maintains that defendants "did not do their best job maintaining the situation nor protecting me from getting harmed."

**Discussion**

Plaintiff did not specify whether he is suing defendants in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. And the Court warned plaintiff that if he did not sue defendants in their individual capacities, this action would be subject to dismissal. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, to state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). In this case, however, plaintiff did not allege that defendants drew the inference that he was in substantial risk of being harmed. He alleges that defendants were merely negligent, which does not give rise to a cause of action under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Therefore, the complaint fails to state a claim for this reason as well

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $7.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 15th day of December, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE